# EXHIBIT A

# SUMMONS - CIVIL

JD-CV-1 Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | ( 203 ) 503 – 6800 | 07/27/2021 |

| [x] Judicial District [ ] Housing Session | G.A. Number: | At *(City/Town)* New Haven | Case type code *(See list on page 2)* Major: M  Minor: 90 |
|---|---|---|---|

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Cicchiello & Cicchiello, LLP., 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 296 – 3457 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. [x] Yes [ ] No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* manny@cicchielloesq.com |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| First plaintiff | Name: Amarante, Maritza<br>Address: 380 South Curtis Street, Meriden, CT 06450 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: Big Y Foods, Inc., 1289 Foxon Road. Rt 80. North Branford, CT 06471<br>Address: A/F/S- Secretary of the State, 30 Trinity Street, Hartford, CT 06106 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date 07/01/2021 | Signed *(Sign and select proper box)* | [x] Commissioner of Superior Court [ ] Clerk | Name of person signing Emanuele R. Cicchiello, Esq. |
|---|---|---|---|

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

Page 1 of 2

| RETURN DATE: JULY 27, 2021 | : | SUPERIOR COURT |
| --- | --- | --- |
| | : | |
| MARITZA AMARANTE | : | J.D. OF NEW HAVEN |
| | : | |
| VS. | : | AT NEW HAVEN |
| | : | |
| BIG Y FOODS, INC. | : | JULY 1, 2021 |

## COMPLAINT

**COUNT ONE:** RACE DISCRIMINATION / NATIONAL ORIGIN DISCRIMINATION / ETHNICITY DISCRIMINATION – C.G.S. § 46a-60(b)(1), C.G.S. § 46a-60(b)(1)

1. The Plaintiff, Maritza Amarante, was at all times set forth herein, and remains, a resident of Meriden, in the State of Connecticut.

2. The Defendant, Big Y Foods Inc., is a supermarket chain, with a local address of 1289 Foxon Road, CT-80, North Branford, CT 06471.

3. Plaintiff filed a timely administrative complaint against Defendant with the Connecticut Commission on Human Rights and Opportunities, and thereafter received a release of jurisdiction letter therefrom, a copy of which is appended hereto as <u>Exhibit 1</u>. This Action is brought within 90 days of receipt of said release of jurisdiction letter. As such, Plaintiff has exhausted all administrative remedies, and this Action is timely.

4. The Plaintiff was born on April 26, 1963.

5. The Plaintiff was born in Puerto Rico, and she is of Hispanic ethnicity.

6. The Plaintiff commenced her employment at Defendant's place of business on May 25, 1994.

7. Plaintiff worked in the bakery department and was head of the cake room in the bakery at the Defendant's North Branford location, and acted as a teacher as well to train defendant employees.

8. During the course of Plaintiff's employment her store manager's name was Josh, and her supervisor's name was Jennifer Merola.

9. The Plaintiff was a dedicated and dependable employee as illustrated by her tenure of employment and her strong performance reviews, and merit-based raises.

10. In 2019, the Defendant's North Branford location began transitioning its management to a younger population.

11. For example, in 2019, Corey Radcliffe became employed at the defendant store where plaintiff worked and became a managerial employee.

12. Upon information and belief, Corey is much younger than the plaintiff, estimated age of 28 years old.

13. As another example, Jennifer Merola commenced her employment with the defendant on or about June 8, 2020, and was a new Department Manager, overseeing plaintiff's work.

14. Upon information and belief, Jennifer is much younger than the plaintiff, estimated age of 38 years old.

15. After Corey and Jennifer were hired by the respondent, the working environment changed dramatically, subjecting the complainant to discrimination in the terms and conditions of her employment and a hostile working environment due to her age and because of her race, nation of origin and ethnicity.

16. In the plaintiff's department, there were a total of 12 employees.

17. Of the 12 employees, plaintiff was the second eldest, with Linda being the eldest. Upon information and belief, Linda was in her 60s.

18. Other than the Plaintiff, Linda, and Joan Proto, all other employees in the plaintiff's department were all much younger than the Plaintiff, mostly estimated in their 20s and maybe 30s.

19. Additionally, of the 12 employees in the department, Plaintiff was the only Hispanic employee. All other employees in Plaintiff's department were of Caucasian descent.

20. In Defendant's North Branford location, Plaintiff was one of only two employees that were Hispanic.

21. In the Plaintiff's department, Cheryl Catania was both a mixer and baker.

22. Cheryl was one of the first employees to report to work in the morning as she prepared the baked goods and turned on the ovens and made fresh donuts for the morning.

23. Joan Proto is another employee that worked in the bakery department. Joan was responsible for packing the baked items, including packing the donuts.

24. Throughout the Plaintiff's workspace, there are surveillance cameras that oversee the work of the Defendant's employees.

25. In one of the corners of the area where the Plaintiff worked, employees in many departments put extras or discarded food items in a specific area next to the coffee maker.

26. When baked items were packed, if there were any extras, or if a baked item had a defect, it was common practice for all employees to eat these discarded items.

27. Donuts, bread, snowflake rolls, bagels, muffins, croissants, and apple fritters were all items in the baked food area that many of the Defendant's employees openly ate, even during the workday.

28. This was a known and acceptable practice at the Defendant's North Branford location for many years.

29. The extra or discarded items were collected in a specific "extra area." Extra items, broken items, unpacked, all get put in this area, again near the coffee maker.

30. It was a common acceptable practice for employees to openly approach the extra food area and pick items and eat them during the workday.

31. This was the Defendant's practice for the 9 years that the Plaintiff worked at the North Branford location, and for the 10 years that Plaintiff worked at Defendant's New Haven location.

32. In fact, Cheryl and Joan frequently approached the Plaintiff and other of Defendant's employees with a smile on their faces, and offered baked items to eat that they were going to discard.

33. Plaintiff is aware of the following employees that frequently ate extra or discarded food items at work during the Plaintiff's employment with Defendant:

   a. Corey, assistant manager: snowflake rolls and other rolls to use at lunchtime, she would also take donuts;
   b. Linda: donuts and other food like bagels;
   c. Joan: donuts and other food like bagels; and,
   d. Hailey: donuts and bagels.

34. Cheryl was the baker at Defendant's North Branford location, and on a regular basis she would offer extra muffins and broken muffin tops to the Plaintiff and other of the Defendant's employees. Cheryl would come to the Plaintiff's work area to offer the Plaintiff the top of the muffin and Cheryl would eat the bottom of the muffin.

35. Plaintiff never solicited Cheryl for any of the baked goods that she was making.

36. Joan did the same practice as Cheryl, but with donuts and croissants. Anything that Joan could not pack, she would go to the Plaintiff's department and offer food to the employees, saying specifically "these are extras, do you want them? If not, throw them away."

37. In essence, it was a very common practice for Defendant's employees to offer and openly take and eat discarded or broken or extra food items in the bakery and Defendant did not discipline or fire any other of Defendant's employees despite management being aware.

38. Towards the end of the Plaintiff's employment, Defendant hired a new employee in the Plaintiff's department, and required that the Plaintiff train her.

39. The new employee's name was Coreen, and by all known accounts, Coreen is much younger than the Plaintiff.

40. Coreen's estimated age is early to mid-twenties.

41. Coreen worked for the Defendant for approximately 8 months before the Plaintiff's employment was terminated.

42. Coreen was sent to the North Branford store location approximately one month before the plaintiff's termination, and during that time Coreen worked alongside the plaintiff and plaintiff was required to train her.

43. On Friday, September 25, 2020, Joe, the Defendant's assistant store manager, called the Plaintiff to his office.

44. Upon getting to the office Joe stated to the Plaintiff that loss prevention was in the office, and they wanted to speak with the Plaintiff.

45. The two individuals in the office closed the door behind the Plaintiff and refused to let her go, threatening the Plaintiff, causing the Plaintiff significant emotional distress, causing a clear false imprisonment of the Plaintiff, intentionally restricting the plaintiff's freedom to move or leave the room.

46. The loss prevention employee accused the Plaintiff of being a thief, stealing items from the bakery, and eating them.

47. In response, Plaintiff tried to explain that this was a common acceptable practice, and that all the Defendant's employees did it, and that management was aware.

48. When Plaintiff tried to explain this practice that all employees partake, the loss prevention man responded: "I don't want to hear about anyone else, this is not about anyone but you, I am interested in you and what you stole."

49. Plaintiff admitted to eating food but said it was offered to her by Defendant employees and all employees did same and management was aware.

50. Plaintiff, who was in tears at the time, stated emphatically that in her 26 years working for the Defendant's business, she never not once took anything that was not permitted or offered to her.

51. Defendant's loss prevention did not care and accused the Plaintiff of being a thief and treated her as if she was a criminal.

52. At one point during the false imprisonment and interrogation, loss prevention demanded that the Plaintiff admit to a specific dollar amount that she stole, without any substantiation whatsoever.

53. This loss prevention employee stated, suggesting dollar amounts - "over the years you worked here, over the 26 years, how much do you think you stole from this company by eating the food? Was it $800? Was it $400?"

54. This loss prevention employee pressured the Plaintiff to admit to a specific amount without any basis whatsoever and would not let her leave the room until she made an admission and signed to it.

55. After starting randomly at $800 and going down in increments, and Plaintiff denying each accusation, the loss prevention employee simply wrote down $88 without plaintiff's approval.

56. The Plaintiff did not come up with the amount of $88 and the loss prevention employee wrote it down and forced the Plaintiff to agree and sign.

57. Plaintiff was crying and extremely emotional as she was locked in a room and accused of being a thief, and not let to leave until she was forced to write the letter admitting that she stole from the Defendant's company for 26 years.

58. She was forced to sign a paper that she did not agree to, stating that she stole $88 of food from the Defendant over 26 years, despite not stealing anything.

59. Defendant would not let Plaintiff leave the room without her signing this false report.

60. Plaintiff's employment was terminated because of alleged stealing.

61. All other younger and Caucasian employees in the same department performed the exact same conduct as the Plaintiff and were not subject to the same harassment nor was their employment terminated similarly to the Plaintiff's.

62. Any and all reasons Defendant has proffered for its adverse employment action against Plaintiff are false and/or pretext to mask its unlawful discriminatory intent.

63. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

64. Defendant is an "employer" within the meaning of the Connecticut Fair Employment Practices Act.

65. Defendant discriminated against Plaintiff in the terms and conditions of Plaintiff's employment on account of race.

66. Defendant subjected Plaintiff to a pervasive and continuing course of discriminatory comments and conduct which had the purpose or effect of substantially interfering with Plaintiff's work performance and/or the creation of an intimidating, hostile, or offensive work environment.

67. Defendant subjected Plaintiff to adverse employment action, motivated by Plaintiff's race.

68. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

69. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

70. Defendant is an "employer" within the meaning of the Connecticut Fair Employment Practices Act.

71. Defendant discriminated against Plaintiff in the terms and conditions of Plaintiff's employment on account of color.

72. Defendant subjected Plaintiff to a pervasive and continuing course of discriminatory comments and conduct which had the purpose or effect of substantially interfering with Plaintiff's work performance and/or the creation of an intimidating, hostile, or offensive work environment.

73. Defendant subjected Plaintiff to adverse employment action, motivated by Plaintiff's color.

74. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

75. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

76. Defendant is an "employer" within the meaning of the Connecticut Fair Employment Practices Act.

77. Defendant discriminated against Plaintiff in the terms and conditions of Plaintiff's employment on account of national origin.

78. Defendant subjected Plaintiff to a pervasive and continuing course of discriminatory comments and conduct which had the purpose or effect of substantially interfering with Plaintiff's work performance and/or the creation of an intimidating, hostile, or offensive work environment.

79. Defendant subjected Plaintiff to adverse employment action, motivated by Plaintiff's national origin.

80. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**COUNT TWO: AGE DISCRIMINATION – C.G.S. § 46a-60(b)(1)**

81. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

82. Defendant is an "employer" within the meaning of the Connecticut Fair Employment Practices Act.

83. Defendant discriminated against Plaintiff in the terms and conditions of Plaintiff's employment on account of age.

84. Defendant subjected Plaintiff to a pervasive and continuing course of discriminatory comments and conduct which had the purpose or effect of substantially interfering with Plaintiff's work performance and/or the creation of an intimidating, hostile, or offensive work environment.

85. Defendant subjected Plaintiff to adverse employment action, motivated by Plaintiff's age.

86. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

THE PLAINTIFF
MARITZA AMARANTE

By: _____
Emanuele R. Cicchiello, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: manny@cicchielloesq.com

| | | |
|---|---|---|
| RETURN DATE: JULY 27, 2021 | : | SUPERIOR COURT |
| | : | |
| MARITZA AMARANTE | : | J.D. OF NEW HAVEN |
| | : | |
| VS. | : | AT NEW HAVEN |
| | : | |
| BIG Y FOODS, INC. | : | JULY 1, 2021 |

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays for the following relief:**

1. Money damages;

2. Reinstatement, or in lieu thereof, back pay and front pay;

3. Punitive Damages;

4. Attorneys' fees and costs of this Action; and

5. All other awardable relief.

THE PLAINTIFF
MARITZA AMARANTE

By: _____
Emanuele R. Cicchiello, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: manny@cicchielloesq.com

| | | |
|---|---|---|
| RETURN DATE: JULY 27, 2021 | : | SUPERIOR COURT |
| MARITZA AMARANTE | : | J.D. OF NEW HAVEN |
| VS. | : | AT NEW HAVEN |
| BIG Y FOODS, INC. | : | JULY 1, 2021 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand exceeds $15,000.00, excluding costs and interests.

THE PLAINTIFF
MARITZA AMARANTE

By: _[signature]_
Emanuele R. Cicchiello, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: manny@cicchielloesq.com

# EXHIBIT 1

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Maritza Amarante
**COMPLAINANT**

CHRO No. 2130317
EEOC No. 16A202100468

vs.

Big Y Foods Inc
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

_Tanya A. Hughes_
Tanya A. Hughes, Executive Director

**DATE:** June 29, 2021

Service:
Complainant: Maritza Amarante
Complainant's attorney: manny@cicchielloesq.com
Respondent: Big Y Foods Inc
Respondent's attorney: james.shea@jacksonlewis.com

STATE OF CONNECTICUT:
: ss: HARTFORD    JULY 6, 2021
COUNTY OF HARTFORD :

    Then and by virtue hereof and by direction of the Attorney, I made due and legal service upon the within named defendant **BIG Y FOODS, INC.**, by leaving 2 verified true and attested copies of the original WRIT, SUMMONS, COMPLAINT, PRAYER FOR RELIEF, STATEMENT OF AMOUNT IN DEMAND AND EXHIBIT A RELEASE OF JURISDICTION, at the office of DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT, at least twelve days before the session of the Court to which this Writ is returnable. Said Secretary is the duly authorized agent and attorney to accept service for the within named defendant **BIG Y FOODS, INC.**, pursuant to Connecticut General Statute Section 33-929, (and paid Statutory Fees in the amount of $50.00) in the said town of HARTFORD, County of Hartford.

    And also, on the 6TH day of JULY, 2021, I deposited in the Post Office at EAST HARTFORD, first class mail, a verified true and attested copy of original WRIT, SUMMONS, COMPLAINT, PRAYER FOR RELIEF, STATEMENT OF AMOUNT IN DEMAND AND EXHIBIT A RELEASE OF JURISDICTION, on behalf of the within named defendant **BIG Y FOODS, INC.**, addressed to:

        CHRO LEGAL DIVISION
        ATTN: LYDIA RODRIGUEZ
        450 COLUMBUS BLVD STE 2
        HARTFORD, CT 06103-1837

    The within is the original WRIT, SUMMONS, COMPLAINT, PRAYER FOR RELIEF, STATEMENT OF AMOUNT IN DEMAND AND EXHIBIT A RELEASE OF JURISDICTION, with my doings thereon endorsed.

ATTEST:

KEITH NIZIANKIEWICZ
CT STATE MARSHAL
HARTFORD COUNTY

| | |
|---|---|
| Sec State | $ 50.00 |
| Copy | 48.00 |
| Endorsements | 6.40 |
| Service | 40.00 |
| Travel | 15.00 |
| Total | $159.40 |

**KEITH D. NIZIANKIEWICZ**
*CONNECTICUT STATE MARSHAL*