UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARITZA AMARANTE,** | : | CIVIL ACTION NO: |
| Plaintiff | : | 3:21-cv-01062-VLB |
| | : | |
| v. | : | |
| | : | |
| **BIG Y FOODS, INC.** | : | |
| Defendant | : | SEPTEMBER 2, 2021 |
| | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

Big Y Foods, Inc. ("Defendant"), by and through its attorneys, submits its Answer and Affirmative Defenses in response to Plaintiff's Complaint dated July 1, 2021 as follows:

**COUNT ONE:** RACE DISCRIMINATION / NATIONAL ORIGIN DISCRIMINATION / ETHNICITY DISCRIMINATION – C.G.S. § 46a-60(b)(1), C.G.S. § 46a-60(b)(1)

1. Defendant has insufficient information to admit or deny the allegations of Paragraph 1 and leaves Plaintiff to her proof.

2. Defendant admits the allegations of Paragraph 2.

3. Defendant admits so much of Paragraph which alleges that Plaintiff filed an administrative charge with the CHRO and obtained a release of jurisdiction. Defendant has insufficient information to admit or deny the remaining allegations of Paragraph 3 and leaves Plaintiff to her proof.

4. Defendant admits that its records show that Plaintiff's date of birth is April 26, 1963. Defendant has insufficient information to admit or deny the remaining allegations of Paragraph 4 and leaves Plaintiff to her proof.

5. Defendant admits that Plaintiff identifies as Hispanic. Defendant has insufficient information to admit or deny the remaining allegations of Paragraph 5 and leaves Plaintiff to her proof.

6. Defendant admits the allegations of Paragraph 6.

7. Defendant admits so much of Paragraph 7 which alleges that Plaintiff worked in the Bakery during her employment. Defendant denies the remaining allegations of Paragraph 7.

8. Defendant admits that, during the relevant time period, Josh Cameron was Store Director and Jennifer Merola was the Bakery Sales Manager at the Plaintiff's location. Defendant denies the remaining allegations of Paragraph 8.

9. Defendant admits so much of Paragraph 9 which alleges that Plaintiff generally performed her duties in a satisfactory manner and had positive performance reviews. Defendant denies the remaining allegations of Paragraph 9.

10. Defendant denies the allegations of Paragraph 10.

11. Defendant admits that Corey Radcliffe was employed at the North Branford store where Plaintiff worked and became Assistant Bakery Sales Manager. As to the remaining allegations of Paragraph 11, Plaintiff is left to her proof.

12. Defendant admits that, based on its records, Corey Radcliffe is younger than Plaintiff. As to the remaining allegations of Paragraph 12, Plaintiff is left to her proof.

**13.** Defendant admits that Jennifer Merola was employed at the North Branford Store where the Plaintiff worked. As to the remaining allegations of Paragraph 13, Plaintiff is left to her proof.

**14.** Defendant admits that, based on its records, Jennifer Merola is younger than Plaintiff. As to the remaining allegations of Paragraph 14, Plaintiff is left to her proof.

**15.** Defendant denies the allegations of Paragraph 15.

**16.** Defendant has insufficient information to admit or deny the allegations of Paragraph 16 and leaves Plaintiff to her proof.

**17.** Defendant has insufficient information to admit or deny the allegations of Paragraph 17 and leaves Plaintiff to her proof.

**18.** Defendant has insufficient information to admit or deny the allegations of Paragraph 18 and leaves Plaintiff to her proof.

**19.** Defendant has insufficient information to admit or deny the allegations of Paragraph 19 and leaves Plaintiff to her proof.

**20.** Defendant has insufficient information to admit or deny the allegations of Paragraph 20 and leaves Plaintiff to her proof.

**21.** Defendant admits the allegations of Paragraph 21.

**22.** Defendant has insufficient information to admit or deny the allegations of Paragraph 22 and leaves Plaintiff to her proof.

**23.** Defendant admits so much of Paragraph 23 which alleges that Joan Proto worker in the North Branford store bakery department. Defendant has

insufficient information to admit or deny the remaining allegations of Paragraph 23 and leaves Plaintiff to her proof.

24. Defendant admits so much of Paragraph 24 which alleges that it operates security cameras in its stores, including the North Branford store. Defendant has insufficient information to admit or deny the remaining allegations of Paragraph 24 and leaves Plaintiff to her proof.

25. Defendant has insufficient information to admit or deny the allegations of Paragraph 25 and leaves Plaintiff to her proof.

26. Defendant has insufficient information to admit or deny the allegations of Paragraph 26 and leaves Plaintiff to her proof.

27. Defendant has insufficient information to admit or deny the allegations of Paragraph 27 and leaves Plaintiff to her proof.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant has insufficient information to admit or deny the allegations of Paragraph 29 and leaves Plaintiff to her proof.

30. Defendant denies the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31.

32. Defendant has insufficient information to admit or deny the allegations of Paragraph 32 and leaves Plaintiff to her proof.

33. Defendant has insufficient information to admit or deny the allegations of Paragraph 33 and leaves Plaintiff to her proof.

34. Defendant has insufficient information to admit or deny the allegations of Paragraph 34 and leaves Plaintiff to her proof.

35. Defendant has insufficient information to admit or deny the allegations of Paragraph 35 and leaves Plaintiff to her proof.

36. Defendant has insufficient information to admit or deny the allegations of Paragraph 36 and leaves Plaintiff to her proof.

37. Defendant denies the allegations of Paragraph 37.

38. Defendant has insufficient information to admit or deny the allegations of Paragraph 38 and leaves Plaintiff to her proof.

39. Defendant has insufficient information to admit or deny the allegations of Paragraph 39 and leaves Plaintiff to her proof.

40. Defendant has insufficient information to admit or deny the allegations of Paragraph 40 and leaves Plaintiff to her proof.

41. Defendant has insufficient information to admit or deny the allegations of Paragraph 41 and leaves Plaintiff to her proof.

42. Defendant has insufficient information to admit or deny the allegations of Paragraph 42 and leaves Plaintiff to her proof.

43. Defendant admits so much of Paragraph 43 that states that Joe Ciarci was the Assistant Store Director at Respondent's North Branford location during the relevant time period. Defendant denies the remaining allegations of Paragraph 43 as phrased.

44. Defendant has insufficient information to admit or deny the allegations of Paragraph 44 and leaves Plaintiff to her proof.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant denies the allegations of Paragraph 46.

47. Defendant has insufficient information to admit or deny the allegations of Paragraph 47 and leaves Plaintiff to her proof.

48. Defendant has insufficient information to admit or deny the allegations of Paragraph 48 and leaves Plaintiff to her proof.

49. Defendant has insufficient information to admit or deny the allegations of Paragraph 49 and leaves Plaintiff to her proof.

50. Defendant has insufficient information to admit or deny the allegations of Paragraph 50 and leaves Plaintiff to her proof.

51. Defendant denies the allegations of Paragraph 51.

52. Defendant denies the allegations of Paragraph 52.

53. Defendant has insufficient information to admit or deny the allegations of Paragraph 53 and leaves Plaintiff to her proof.

54. Defendant denies the allegations of Paragraph 54.

55. Defendant denies the allegations of Paragraph 55.

56. Defendant denies the allegations of Paragraph 56.

57. Defendant denies the allegations of Paragraph 57.

58. Defendant denies the allegations of Paragraph 58.

59. Defendant denies the allegations of Paragraph 59.

60. Defendant admits so much of Paragraph 60 that Plaintiff was terminated because she admitted to stealing product from the Bakery Department. Defendant denies the remaining allegations of Paragraph 60.

61. Defendant denies the allegations of Paragraph 61.

62. Defendant denies the allegations of Paragraph 62.

63. Plaintiff repeats the allegations of Paragraph 1 through Paragraph 62 in this Paragraph. Defendant therefore states that its answers to said Paragraph 1 through Paragraph 62 are unchanged.

64. In so far as this paragraph contains a legal and precatory conclusion, no response is required and Defendant leaves Plaintiff to her proof.

65. Defendant denies the allegations of Paragraph 65.

66. Defendant denies the allegations of Paragraph 66.

67. Defendant denies the allegations of Paragraph 67.

68. Defendant denies the allegations of Paragraph 68.

69. Plaintiff repeats the allegations of Paragraph 1 through Paragraph 68 in this Paragraph. Defendant therefore states that its answers to said Paragraph 1 through Paragraph 68 are unchanged.

70. In so far as this paragraph contains a legal and precatory conclusion, no response is required and Defendant leaves Plaintiff to her proof.

71. Defendant denies the allegations of Paragraph 71.

72. Defendant denies the allegations of Paragraph 72.

73. Defendant denies the allegations of Paragraph 73.

74. Defendant denies the allegations of Paragraph 74.

75. Plaintiff repeats the allegations of Paragraph 1 through Paragraph 74 in this Paragraph. Defendant therefore states that its answers to said Paragraph 1 through Paragraph 74 are unchanged.

76. In so far as this paragraph contains a legal and precatory conclusion, no response is required and Defendant leaves Plaintiff to her proof.

77. Defendant denies the allegations of Paragraph 77.

78. Defendant denies the allegations of Paragraph 78.

79. Defendant denies the allegations of Paragraph 79.

80. Defendant denies the allegations of Paragraph 80.

**COUNT TWO:**   Age Discrimination – C.G.S. § 46a-60(b)(1)

81. Plaintiff repeats the allegations of Paragraph 1 through Paragraph 80 in this Paragraph. Defendant therefore states that its answers to said Paragraph 1 through Paragraph 80 are unchanged.

82. In so far as this paragraph contains a legal and precatory conclusion, no response is required and Defendant leaves Plaintiff to her proof.

83. Defendant denies the allegations of Paragraph 83.

84. Defendant denies the allegations of Paragraph 84.

85. Defendant denies the allegations of Paragraph 85.

86. Defendant denies the allegations of Paragraph 86.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to judgment or the relief sought in Paragraphs 1 through 5 of the prayer for relief. Defendant denies the statements and allegations contained therein. Any allegation not specifically addressed herein is denied.

# **AFFIRMATIVE AND OTHER DEFENSES**[1]

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

**SECOND DEFENSE**

All actions taken by Defendant with respect to Plaintiff's employment were undertaken in good faith and for legitimate business reasons and did not violate any right(s) that may be secured to Plaintiff under any federal, state or local laws, rules, regulations, guidelines or common law.

**THIRD DEFENSE**

Plaintiff did not suffer any damages legally attributable to any action by Defendant.

**FOURTH DEFENSE**

Plaintiff fails to state a claim in whole or in part upon which compensatory, punitive, attorney's fees, costs and/or other damages may be awarded.

**FIFTH DEFENSE**

Even if Plaintiff suffered damages legally attributable to any action by Defendant, which she did not, Plaintiff's claims for damages are barred or reduced by her failure to mitigate her alleged damages, including by using reasonable diligence to seek and obtain comparable employment elsewhere.

---

[1] **By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to any such matter.**

**SIXTH DEFENSE**

To the extent Defendant discovers subsequent to Plaintiff's termination of employment that Plaintiff engaged in conduct which would have warranted her discharge under Defendant's policy or practice, any right of Plaintiff to recover damages beyond such date of discovery is cut off.

**SEVENTH DEFENSE**

Without conceding any wrongdoing or liability, even if Plaintiff's protected class was a factor in any adverse employment decision affecting Plaintiff, which it was not, Plaintiff's claims for damages are barred in whole or in part because Defendant would have made the same decision irrespective of Plaintiff's protected class.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

Defendant reserves the right to amend its answer, to add additional or other defenses, delete or withdraw defenses, and to add other claims as they may become necessary after reasonable opportunity for discovery.

**WHEREFORE**, Defendant respectfully requests that this Court:

(a) Dismiss with prejudice Plaintiff's Complaint;

(b) Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

(c) Award Defendant reimbursement for its costs and attorneys' fees; and

(d) Grant such other relief as the Court deems necessary and proper.

**DEFENDANT,
BIG Y FOODS, INC.**

By: */s/ James F. Shea*
**James F. Shea (ct16750)**
james.shea@jacksonlewis.com
**Joseph W. Fazzino (ct30878)**
joseph.fazzino@jacksonlewis.com
**Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
P: (860) 522-0404
F: (860) 247-1330**

11

## CERTIFICATION OF SERVICE

I hereby certify that on September 2, 2021, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing as indicated below.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Joseph W. Fazzino*
**Joseph W. Fazzino**